IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-662-D (Lead Case)
5:12-CV-102-D

| | |
|---|---|
| POLYZEN, INC., ) | |
| ) | |
| Plaintiff and Consolidated Defendant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RADIADYNE, L.L.C., ) | |
| ) | |
| Defendant and Consolidated Plaintiff. ) | |

This consolidated case comes before the court on the motion (D.E. 100)[1] by defendant RadiaDyne, L.L.C. ("RadiaDyne") to extend the discovery deadline in the Scheduling Order (D.E. 39, amended at D.E. 58, 99) to enable it to take several depositions. The motion also seeks the award of certain costs. Plaintiff Polyzen, Inc. ("Polyzen") opposes the motion (D.E. 101) and has filed a related motion (D.E. 102) to quash notices of deposition and a deposition subpoena issued by RadiaDyne for the depositions it seeks to take. RadiaDyne opposes Polyzen's motion to quash. (*See* D.E. 103). For the reasons set forth below, RadiaDyne's motion to extend the discovery deadline will be allowed in part and denied in part, and Polyzen's motion to quash will be denied.

## BACKGROUND

I.  *Polyzen, Inc. v. RadiaDyne, L.L.C.*, No. 5:11-CV-662-D

In its amended complaint (D.E. 89), Polyzen asserts claims against RadiaDyne for patent infringement under 35 U.S.C. § 271, alleging that RadiaDyne has infringed and continues to

---

[1] Unless otherwise specified, all references to docket entries will be to those in the lead case, no. 5:11-CV-662-D. Docket entries in the other consolidated case, no. 5:12-CV-102-D, are denoted "RadiaDyne D.E. ___."

infringe the claims of United States Patent No. 7,976,497 ("the '497 patent") for a multi-layer film welded articulated balloon, which is a medical balloon device. (Am. Compl. ¶¶ 8, 13). Polyzen alleges that it is the sole assignee of the '497 patent pursuant to an assignment recorded on 25 September 2008 (*id.* ¶ 9) and that RadiaDyne manufactures and sells a device that infringes on Polyzen's patent claims 1 through 5 of the '497 patent (*id.* ¶¶ 10, 28, 30). Polyzen asserts claims for patent infringement (*id.* ¶¶ 27-35); breach of contract (*id.* ¶¶ 36-46); and misappropriation of trade secrets (*id.* ¶¶ 47-57). The relief sought by Polyzen includes: a finding that the '497 patent is infringed by RadiaDyne and that such infringement is willful; a preliminary injunction preventing RadiaDyne from manufacturing and selling infringing products, and impounding any infringing device during the pendency of this action; actual damages, including royalties, profits, gain, or advantages resulting from infringement or other violations of law; an accounting of gains or profits; trebling of compensatory damages; costs, including reasonable attorneys' fees; judgment on its contract and trade secrets claims; a preliminary injunction preventing RadiaDyne from misappropriating its trade secrets; punitive damages; and other relief. (*Id.* at 13-15, Prayer for Relief). RadiaDyne denies the material allegations in Polyzen's amended complaint and asserts several counterclaims. (*See generally* Am. Ans. and Countercls. (D.E. 91)).

## II.   *RadiaDyne, L.L.C. v. Polyzen, Inc.*, No. 5:12-CV-102-D

On 23 December 2011, approximately one month after Polyzen filed its action in this district, RadiaDyne filed a case against Polyzen in the Southern District of Texas (*see* RadiaDyne Compl. (RadiaDyne D.E. 1)) asserting claims for fraud (*id.* ¶¶ 38-47); breach of contract (*id.* ¶¶ 48-52); unfair competition under the Lanham Act, 15 U.S.C. §1125(a) (*id.* ¶¶ 53-56); conversion (*id.* ¶¶ 57-60); and trespass to chattels (*id.* ¶¶ 61-62). In its claim for fraud,

RadiaDyne alleges that Polyzen: (1) misrepresented that it did not sell products directly to physicians but only to medical device companies such as RadiaDyne (*id.* ¶ 40); (2) misrepresented that it intended to honor RadiaDyne's intellectual property rights (*id.* ¶ 41); and (3) failed to disclose to RadiaDyne that it intended to misappropriate RadiaDyne's intellectual property by filing a patent application regarding the disputed device (*id.* ¶¶ 42, 43). RadiaDyne's claim for breach of contract relates to the parties' "Development and Commercialization Agreement," which documented their prior agreements, defined their future expectations, and addressed the parties' respective intellectual property rights. (*Id.* ¶ 24). RadiaDyne alleges that Polyzen breached this agreement by failing to set a reasonable transfer price on the devices manufactured for RadiaDyne, filing patent applications for RadiaDyne's intellectual property, and refusing to return equipment used in manufacturing RadiaDyne's devices. (*Id.* ¶¶ 50, 52). RadiaDyne's Lanham Act claim is based on the allegations that Polyzen engaged in false and misleading conduct that suggested to the public that it developed and owned devices actually owned by RadiaDyne. (*Id.* ¶ 54). RadiaDyne's claims for conversion and trespass to chattels arise from allegations that Polyzen refuses to return manufacturing equipment that belongs to RadiaDyne. (*Id.* ¶¶ 58, 59, 62). On its various claims, RadiaDyne seeks injunctive relief; compensatory damages; punitive damages; costs, including attorneys' fees; and other relief. (*Id.* 13-14, Prayer for Relief). Polyzen denies the material allegations in RadiaDyne's complaint. (*See generally* Ans. (RadiaDyne D.E. 23)).

On the motion of Polyzen, the Southern District of Texas transferred RadiaDyne's case to this district on 24 February 2012. (RadiaDyne D.E. 10). On 22 June 2012, RadiaDyne filed a motion to consolidate its case with Polyzen's case. (RadiaDyne D.E. 24). The motion was allowed and the two cases were consolidated on 2 July 2012 (RadiaDyne D.E. 29).

3

### III. Present Dispute

By the instant motion to amend the Scheduling Order, RadiaDyne seeks a 30-day extension of its discovery deadline to allow it to depose Richard Kindberg, Polyzen's prior president; depose David Johnston, Polyzen's vice president of sales; and re-depose Rubin Shah, Polyzen's director of business development, for no more than 60 minutes on topics limited to one of Polyzen's medical divisions called Medizen. RadiaDyne served a notice of deposition and deposition subpoena for Richard Kindberg (D.E. 102-2, 102-3) and notice of deposition for Rubin Shah (D.E. 102-4). RadiaDyne also asks the court to hold Polyzen responsible for any travel costs associated with its Texas-based CEO traveling to attend the depositions sought.

RadiaDyne argues that the extension and award of costs are warranted in light of Polyzen's failure to produce responsive documents and information in a timely manner. Specifically, RadiaDyne suggests that Polyzen's 26 February 2014 belated production of 100 pages of discovery documents and updated interrogatory responses disclosed information previously unknown to it, warranting the need for the additional depositions.

Polyzen vehemently disputes that it bears the responsibility for any delays in production of discovery responses. Polyzen argues that RadiaDyne's motion is the result of its own delay in pursuing discovery and that any suggestion that the information disclosed in February 2014 was unknown to RadiaDyne is baseless.

By its own motion, Polyzen moves to quash the deposition notice to Richard Kindberg, and the deposition notice and deposition subpoena to Rubin Shah. At the time it filed its motion, Polzyen had not received a deposition notice or deposition subpoena for David Johnston, but the motion seeks to prevent that deposition as well. Polyzen contends that all of the depositions are untimely under the Scheduling Order and that RadiaDyne has not established good cause for

4

extending those deadlines, having had ample opportunity to obtain the information sought during the discovery period.

## APPLICABLE LEGAL STANDARDS

"A schedule may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1). *E.g., Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* Civ. 3d § 1522.2 (2010)); *McDonald v. Marlboro County*, 5:12CV1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. 16 Dec. 2013) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note—1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12–CV–220–FL, 2014 WL 347426, at *2 (E.D.N.C. 30 Jan. 2014) (citing *Nourison Rug Corp. v.*

5

*Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

In related provisions, Fed. R. Civ. P. 26(b)(2)(C)(ii) provides that the court may limit discovery otherwise allowed where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). As to deponents previously deposed, Fed. R. Civ. P. 30 provides that a party must obtain leave of court or stipulation of the parties before deposing that individual a second time. Fed. R. Civ. P. 30(a)(2)(ii).

## DISCUSSION

As noted, RadiaDyne seeks to take two new depositions and re-depose a third individual. Polyzen amply demonstrates that the relevance of these individuals to the claims in this case was apparent well before February 2014. Indeed, RadiaDyne itself listed Richard Kindberg and Rubin Shah in its own initial disclosures served a year earlier. (*See* Init. Disc. (D.E. 101-1) 4). Thus, the court agrees with Polyzen that the fact that these individuals may possess relevant information cannot be deemed a surprise.

That said, RadiaDyne has amply demonstrated that despite its attempts to obtain supplemental discovery from Polyzen, Polyzen repeatedly delayed its responses. RadiaDyne provided the court with evidence of numerous requests it made to Polyzen for the discovery responses over a period of more than five months, only to receive the requested information at the first morning of a deposition. Undoubtedly, not all the information in the belated production was new to RadiaDyne. Nonetheless, in light of the repeated delays and RadiaDyne's

6

persistence in seeking the information it needed for the depositions at issue, the court believes that RadiaDyne has demonstrated sufficient diligence to justify the extension of the discovery schedule it seeks.

For these reasons, the court ALLOWS the portion of RadiaDyne's motion seeking permission to conduct the three depositions in issue. RadiaDyne may depose Richard Kindberg and David Johnston, and may re-depose Rubin Shah for a period of 60 minutes regarding only Medizen. These depositions shall be completed by 30 June 2014. The deadline for RadiaDyne to complete discovery is extended until that date solely to enable it to take these depositions.

The portion of RadiaDyne's motion seeking the award of its CEO's travel costs is DENIED. Under the circumstances presented, RadiaDyne has not justified shifting this cost to Polyzen, particularly since its CEO's attendance, whether in-person or by telephone or other electronic means, is not legally required and attendance by such other means would be substantially cheaper than in-person attendance.

Given the court's disposition of RadiaDyne's motion, Polyzen's motion to quash is DENIED.

## CONCLUSION

For the foregoing reasons and on the terms set forth, IT IS ORDERED that RadiaDyne's motion (D.E. 100) for extension is ALLOWED IN PART and DENIED IN PART, and Polyzen's motion to quash (D.E. 102) is DENIED.

SO ORDERED, this the 2nd day of June 2014.

James E. Gates
United States Magistrate Judge