IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-662-D

| | | |
|---|---|---|
| POLYZEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RADIADYNE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On September 23, 2016, the court dismissed without prejudice Polyzen, Inc.'s ("Polyzen") claim against RadiaDyne, LLC ("RadiaDyne") alleging infringement of U.S. Patent 7,976,497 ("the '497 patent") [D.E. 297]. The court held that it lacked subject-matter jurisdiction over the claim after concluding that RadiaDyne was at least a co-owner of the '497 patent, depriving Polyzen of standing to sue for infringement. See id. at 15–18. The remaining claims proceeded to a jury trial. On April 20, 2017, a jury found both Polyzen and RadiaDyne liable for breach of contract, and Polyzen liable for conversion, trespass to chattels, and unfair competition. See [D.E. 373]. The jury also concluded that RadiaDyne did not misappropriate any trade secret of Polyzen's and that Polyzen did not commit fraud against RadiaDyne. See id.

After the court entered judgment on the jury's verdict and the summary judgment rulings [D.E. 383], both parties filed various motions, including RadiaDyne's motion for attorneys' fees [D.E. 390], Polyzen's "motion for clarification of entry of judgment" [D.E. 405], RadiaDyne's motions asking the court to consider untimely filings [D.E. 416, 421], Polyzen's motion for leave to file a surreply [D.E. 424], Polyzen's motion to strike RadiaDyne's surreplies [D.E. 426], and

RadiaDyne's motion for leave to file surreplies [D.E. 427].[1] As explained below, the court denies RadiaDyne's motion for attorneys' fees, denies Polyzen's motion for clarification, and denies the remaining motions.

I.

RadiaDyne makes two separate fee requests, one concerning Polyzen's patent-infringement claim and one concerning Polyzen's trade-secret misappropriation claim. See [D.E. 390, 391]. For defending against Polyzen's patent-infringement claim, RadiaDyne requests $751,292 in attorneys' fees and $9,468 in recoverable travel expenses under 35 U.S.C. § 285. For defending against Polyzen's trade-secret misappropriation claim, RadiaDyne requests $65,603 in attorneys' fees and $48,917 in expert-witness fees under N.C. Gen. Stat. § 66-154(d).

A.

On September 23, 2016, the court dismissed Polyzen's patent-infringement claim without prejudice for lack of subject-matter jurisdiction after concluding that RadiaDyne was at least a co-owner of the '497 patent, depriving Polyzen of standing to sue for infringement. See [D.E. 297] 15–18. RadiaDyne now seeks attorneys' fees and travel expenses incurred in defending against Polyzen's infringement claim under 35 U.S.C. § 285. See [D.E. 390].

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "By its terms, the statute requires that the recipient of attorney fees be a 'prevailing party.'" RFR Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007); see Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1319–20 (Fed. Cir. 2004) ("The question in this case is whether USX is a 'prevailing party' and thus

---

[1] Several motions concerning the parties' claims for costs are also pending and have been referred to the Clerk of Court. See [D.E. 389, 395, 401, 402].

potentially eligible for the award of attorney fees and costs."). "In a patent case, Federal Circuit law governs the determination of which party has prevailed" for purposes of determining whether a fee award is available under 35 U.S.C. § 285. See SSL Servs., LLC v. Citrix Sys., Inc., 769 F.3d 1073, 1086 (Fed. Cir. 2014). To be a "prevailing party," the Federal Circuit requires: "(1) that the party received at least some relief on the merits, and (2) that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." Id. (alteration and quotations omitted); see Farrar v. Hobby, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Two aspects of the court's order dismissing Polyzen's patent-infringement claim interact to preclude "prevailing party" status for RadiaDyne on the patent claim. First, "lack of standing is not an issue that goes to the merits of the underlying patent issues." H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002); see Media Techs. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003) ("Because standing is jurisdictional, lack of standing precludes a ruling on the merits."). Second, dismissals without prejudice are not equivalent to a victory on the merits—they "do[] not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." RFR Indus., Inc., 477 F.3d at 1353. Thus, dismissals without prejudice due to lack of standing are not adjudications on the merits and cannot confer "prevailing party" status under section 285. See SPH Am., LLC v. AT&T Mobility LLC, No. 3:13-CV-2318-CAB-KSC, 2017 WL 3021025, at *1–2 (S.D. Cal. July 14, 2017) (unpublished); HomeSafe Inspection, Inc. v. Hayes, No. 3:14-CV-209-SSA, 2016 WL 867008, at *2 (N.D. Miss. Mar. 2, 2016) (unpublished); Orbit Irrigation Prods., Inc. v. Sunhills Int'l, LLC, No. 1:10-CV-113 TS, 2015 WL 7574766, at *1–2

3

& n.7 (D. Utah Nov. 25, 2015) (unpublished); Climb Tech, LLC v. Reeves, No. A-05-CA-864-LY, 2009 WL 10670211, at *3 (W.D. Tex. Aug. 20, 2009) (unpublished); Mars, Inc. v. JCM Am. Corp., No. 05-3165 RBK/JS, 2009 WL 2356834, at *4–5 (D.N.J. July 30, 2009) (unpublished); cf. Raniere v. Microsoft Corp., No. 3:15-CV-0540-M, 2016 WL 4626584, at *1–4 (N.D. Tex. Sept. 2, 2016) (unpublished), aff'd, 673 F. App'x 1008 (Fed. Cir. 2017) (per curiam) (unpublished). Here, the court dismissed the patent-infringement claim without prejudice for lack of subject-matter jurisdiction because Polyzen lacked standing to sue RadiaDyne for infringing the '497 patent. See [D.E. 297] 15–18. This dismissal did not reach the merits of Polyzen's infringement claim. Accordingly, RadiaDyne is not a prevailing party on that claim and cannot recover attorneys' fees under 35 U.S.C. § 285.

B.

RadiaDyne requests $65,603 in attorneys' fees and $48,917 in expert-witness fees under N.C. Gen. Stat. § 66-154(d) for successfully defending against Polyzen's trade-secret misappropriation claim. Section 66-154(d), which is part of North Carolina's Trade Secrets Protection Act, states that "[i]f a claim of misappropriation is made in bad faith or if willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party." Bruning & Federle Mfg. Co. v. Mills, 185 N.C. App. 153, 157, 647 S.E.2d 672, 675 (2007). Where a "willful and malicious appropriation exists," fees are available to a party who prevailed on its misappropriation claim. See Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 518 (E.D.N.C. 2012), aff'd, 551 F. App'x 646 (4th Cir. 2014) (per curiam) (unpublished). Where, as here, the defendant prevails on the plaintiff's misappropriation claim, fees are available to the defendant if the claim was "made in bad faith." Reichhold Chems., Inc. v. Goel, 146 N.C. App. 137, 158, 555 S.E.2d 281, 294 (2001).

4

"Bad faith cannot be defined with mathematical precision, but certainly it implies a false motive or a false purpose." RLM Commc'ns, Inc. v. Tuschen, No. 5:14-CV-250-FL, 2015 WL 1268283, at *4 (E.D.N.C. Mar. 19, 2015) (alteration and quotations omitted). "[A] finding of bad faith does not follow simply because a claimant proceeded with legal malice so long as the claimant had 'a good faith belief that the [claim] has legitimate basis.'" Velocity Sols., Inc. v. BSG, LLC, No. 14 CVS 557, 2015 WL 3385399, at *8 (N.C. Super. May 26, 2015) (unpublished) (quoting Reichhold Chems., Inc., 146 N.C. App. at 158, 555 S.E.2d at 294). Whether to award attorneys' fees under section 66–154(d) is committed to this court's sound discretion. See Silicon Knights, Inc., 917 F. Supp. 2d at 519; Bruning & Federle Mfg. Co., 185 N.C. App. at 155, 647 S.E.2d at 674.

Polyzen based its misappropriation claim on allegations that RadiaDyne transmitted to a third party four documents Polyzen claimed contained its trade secrets. When ruling on the parties' summary judgment motions, the court held that RadiaDyne owned three of the documents and granted RadiaDyne summary judgment on Polyzen's misappropriation claim concerning disclosure of those documents. See [D.E. 142] 13–14. As for the fourth document (DIE 279), the court concluded that RadiaDyne owned some of it, but that a genuine issue of material fact existed as to whether RadiaDyne owned a discrete portion of that document—"Note 1"—and whether Note 1 was Polyzen's trade secret. See id. at 14–18. At trial, the jury found that Note 1 was not Polyzen's trade secret. See [D.E. 373] 2; [D.E. 383] 1.

RadiaDyne claims entitlement to fees because Polyzen pressed its misappropriation claim despite lacking evidence of actual damages. In support, RadiaDyne notes that in a deposition, Polyzen's corporate representative testified to being unaware of what harm Polyzen had suffered because of the alleged misappropriation of Note 1 of DIE 279. See [D.E. 109-18] 7. Moreover, before trial, the court excluded Polyzen's expert offered to testify concerning damages arising from

the alleged misappropriation of Note 1 of DIE 279. See [D.E. 297] 23–24. Furthermore, at the pretrial conference, Polyzen's counsel asserted that Polyzen would present trial testimony showing alleged damages of "around $30,000" on the misappropriation claim concerning Note 1 of DIE 279 [D.E. 362] 6, but that testimony never came. Instead, after denying RadiaDyne's Rule 50 motion on the misappropriation claim concerning Note 1 of DIE 279, the court instructed the jury that the most it could award Polyzen on its misappropriation claim was $1 in nominal damages. See [D.E. 387] 586–89.

Contrary to RadiaDyne's contention, Polyzen's pursuit of its misappropriation claim despite lacking evidence of actual damages, does not constitute bad faith warranting an award of attorneys' fees. If Polyzen had proven its misappropriation claim and received nominal damages, such an award would have earned a determination that Note 1 of DIE 279 was Polyzen's trade secret. Such a determination had potential value to Polyzen. Moreover, given the benefit that Polyzen could have obtained from a verdict in its favor on its misappropriation claim, seeking only nominal damages does not itself imply that Polyzen had a false motive or false purpose in pursuing the claim. Thus, the court denies RadiaDyne's request for attorneys' and expert fees under N.C. Gen. Stat. § 66-154(d).

II.

After the court entered judgment, Polyzen moved "for clarification of entry of judgment." See [D.E. 405]. Polyzen asks the court to clarify the portion of the judgment stating that:

> Polyzen did convert RadiaDyne's tooling used to make balloons. RadiaDyne is entitled to recover $8,400.00 from Polyzen for conversion of the property of RadiaDyne. Polyzen did trespass upon RadiaDyne's tooling used to make balloons. RadiaDyne is entitled to recover $8,400.00 from Polyzen for trespass upon RadiaDyne's tooling used to make balloons.

Id.; see [D.E. 383]. RadiaDyne responds that no clarification is necessary, and that it is entitled to

6

$16,800 for its conversion and trespass-to-chattels claims—$8,400 per claim. See [D.E. 409] 1–2. Polyzen replies that trespass to chattels is a lesser included tort of conversion, meaning RadiaDyne cannot recover $8,400 for each claim. According to Polyzen, allowing recovery of $8,400 on each claim "would result in a windfall" to RadiaDyne. See [D.E. 405-1] 1. Thus, Polyzen asks the court to "enter an order clarifying its judgment such that it is made clear that Radia[D]yne is only entitled to collect a total of $8,400 in damages in connection with its claims for conversion and trespass to chattels." Id.

Polyzen's motion did not state under what Federal Rule of Civil Procedure Polyzen seeks relief. See [D.E. 405]. After RadiaDyne raised this point in its response, [D.E. 409] 1, Polyzen clarified that its seeks relief under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. See [D.E. 419] 1. Other than mentioning these rules, however, Polyzen fails to apply them or their accompanying standards. Polyzen's failure is fatal.

A party seeking relief from a judgment under Rule 60(b) "must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); see Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). If a party crosses this threshold, it "then must satisfy one of the six specific sections of Rule 60(b)." Dowell, 993 F.2d at 48. Because Polyzen did not discuss, much less satisfy Rule 60(b)'s threshold requirements, its motion fails.

Alternatively, even if Polyzen satisfied Rule 60(b)'s threshold requirements, its motion still fails. Rule 60(b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A "mistake" under Rule 60(b)(1) "may include a mistake by the court itself."

7

Aikens v. Ingram, 652 F.3d 496, 510 n.7 (4th Cir. 2011) (en banc). Additionally, Rule 60(b)(6) authorizes relief from a final judgment for any reason not specified in clauses (1)-(5). See Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), the movant must demonstrate extraordinary circumstances. See, e.g., Aikens, 652 F.3d at 511. Polyzen has not met its burden to demonstrate a mistake under Rule 60(b)(1) or extraordinary circumstances under Rule 60(b)(6).

Contrary to Polyzen's contention, the judgment entitles RadiaDyne to recover $16,800 for its conversion and trespass-to-chattels claims. Moreover, the jury's award of damages for both conversion and trespass to chattels does not involve double recovery for the same injury. Polyzen's argument ignores that

> [a]lthough a plaintiff seeking compensation for the same injury under different legal theories is only entitled to one recovery, a jury's award is not duplicative simply because it allocates damages under two distinct causes of action. Where there is evidence that the plaintiff suffered the total amount of the damage award on one of its theories, a court may rationally conclude that the jury found that the plaintiff suffered that amount of injuries and merely allocated that amount between the two different causes of action.

Aspen Tech., Inc. v. M3 Tech., Inc., 569 F. App'x 259, 271 (5th Cir. 2014) (per curiam) (unpublished) (alterations, quotations, and footnotes omitted); see Democratic Republic of Congo v. Air Capital Grp., LLC, 614 F. App'x 460, 473–75 (11th Cir. 2015) (unpublished); Johnson v. Howard, 24 F. App'x 480, 484–86 (6th Cir. 2001) (per curiam) (unpublished); Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir. 1995); Gentile v. Cty. of Suffolk, 926 F.2d 142, 153–54 (2d Cir. 1991); Fox v. Pittsburg State Univ., No. 14-CV-2606-JAR, 2017 WL 2734608, at *23–24 (D. Kan. June 26, 2017).

In denying Polyzen's Rule 50 motion, the court noted that evidence existed for the jury to return a verdict awarding $38,800 in damages on RadiaDyne's trespass-to-chattels claim. See [D.E. 411] 23. Moreover, "a plaintiff may recover damages on two claims stemming from the same

8

conduct if the total does not exceed actual damages." Air Capital Grp., 614 F. App'x at 474. The $16,800 that the jury awarded to RadiaDyne does not exceed the actual damages of $38,800 that RadiaDyne claims for conversion and trespass to chattels. On this record, and having tried the case, the court concludes that the jury found that RadiaDyne suffered $16,800 in damages related to Polyzen's conversion and trespass to chattels and allocated $16,800 between RadiaDyne's conversion and trespass-to-chattels claims. Thus, the judgment appropriately awarded RadiaDyne a total of $16,800 for these two claims—$8,400 for conversion and $8,400 for trespass to chattels.

III.

In sum, the court DENIES RadiaDyne's motion for attorneys' fees [D.E. 390], DENIES Polyzen's motion for clarification [D.E. 405], GRANTS RadiaDyne's motions asking the court to consider untimely filings [D.E. 416, 421], DENIES Polyzen's motion for leave to file a surreply [D.E. 424], DENIES as moot Polyzen's motion to strike RadiaDyne's surreplies [D.E. 426], and DENIES RadiaDyne's motion for leave to file surreplies [D.E. 427].

SO ORDERED. This 2 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge